IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. CR19-3048-LTS-KEM |
| | ) | |
| vs. | ) | United States Sentencing |
| | ) | Memorandum and Resistance |
| DEACON SMITH-DOWNS, | ) | to Defendant's Motion for |
| | ) | Downward Variance |
| Defendant. | ) | |

## INTRODUCTION

Deacon Smith Downs, defendant, comes on for sentencing on September 4, 2020, at 9:00 am. Defendant faces a statutory sentencing range of between 0 and 10 years' imprisonment on each of the two counts of conviction. (PSIR ¶72). He faces a guideline range of between 37 to 46 months' imprisonment. (PSIR ¶78). While there is no guideline dispute, defendant seeks a downward variance claiming his history of substance abuse, post-offense rehabilitation, and the natural consequence of his crime are reason to treat him leniently now. The United States disagrees.

## WITNESSES

The government does not intend to call any witnesses.

## EXHIBITS

The government does not intend to present any exhibits.

## ARGUMENT

### I. *Whatever Mitigating Factors are Present in Defendant's Background, they are Out-Weighed by the Aggravating Factors Within his Criminal History and Offense Conduct*

The offense conduct in this case is aggravating. First, as this Court knows well, the gun control regime in this country was designed to keep firearms out of the hands of people who are presumptively too dangerous to be trusted with them. Among the classes of people that Congress deemed *per se* too dangerous to possess firearms are illegal drug users like the defendant. 18 U.S.C. § 922(g)(3). This scheme, of course, was meant as a prophylactic against gun violence, but it failed in this case.

Second, independently, Congress has concluded sawed-off shotguns have so little social utility and are so dangerous for anyone at all –not just drug users—as to require a permitting process for anyone to lawfully possess them. 26 U.S.C. § 5841 est sub. This is a remarkable step in a country that values its liberties as dearly as we do and has a federal government without a general police power.

Hence, therefore, we have a convergence of two streams of – dangerous - criminal activity. By sitting around getting high and handling a sawed-off shotgun, defendant engaged in doubly dangerous conduct. This case, of course, illustrates Congress's wisdom in prohibiting people like the defendant (or the deceased) from possessing any firearms and anyone from possessing a sawed-off shotgun. When one makes a mistake with a sawed-off shotgun, people are more

2

likely to die. There is no "cry for help" and few "flesh wounds" when the weapon is a sawed off shotgun.

Defendant's history and characteristics are also aggravating. Defendant dragged a woman 150 to 200 feet from a car. (PSIR ¶37). He has led officers on a high-speed chase. (PSIR ¶38).

To reflect the seriousness of the offense, promote respect for the law, and provide just punishment, a custodial, guideline, sentence appears just. Also, a prison term in this case sends a very powerful message of general deterrent.

## II. *Defendant's History of Substance Abuse, Post-Offense Rehabilitation, and the Natural Consequence of His Crime are not Mitigating*

Defendant seeks a downward variance claiming his history of substance abuse, post-offense rehabilitation, and the natural consequence of his crime are reasons to treat him leniently now. Each of these arguments fail.

First, of course, this Court has the discretion to vary downward because of drug use and/or addiction because, as the argument goes, drug use diminishes self-control making the offender arguably less culpable for his or her conduct. On the other hand, as this Court also knows well, drug use is a predictor of recidivism. *Cf.* USSG §5H1.4 ("Substance abuse is highly correlated to an increased propensity to commit crime.").

Here, defendant asserts that if he maintains sobriety he is less likely to commit future crimes, but this assertion matters little where his history suggests

3

he will not maintain sobriety. Defendant is a daily marijuana user (PSIR ¶60), and a daily methamphetamine user (PSIR ¶62), who has repeatedly failed treatment. (PSIR ¶¶64, 65, and 66). Moreover, he refused to cooperate with probation in their attempts to get him treatment and monitor his use. (PSIR ¶3). He even attempted to defeat the testing regime by voiding a urine sample. (*Id.*). This track record suggests the difficulty of the path facing defendant. It also reveals he is at greater risk of recidivism than he would otherwise be. Thus, a variance in this case poses a risk to the community because it is unlikely defendant will be able to maintain his sobriety.

Additionally, defendant's criminal conduct was not a momentary lapse in judgement. Rather, he found, fired, and kept, a sawed-off shotgun over the period of about six months. (PSIR ¶17). Are we really to believe during this whole time, defendant was too drug-addled to get rid of the weapon?

Second, there is no post-offense rehabilitation in this case. After the offense, defendant continued to use illegal drugs. (PSIR ¶¶3, 4, and 18). He did so even while on federal pre-trial release. (*Id.*).

Third, defendant's attempt to claim his status as a widower is mitigating in this case is underwhelming. Defendant criminally contributed to the environment that resulted in the tragedy in this case. Defendant and his wife found the weapon in the attic. (PSIR ¶9). She told him to put the shotgun away. (*Id.*). Instead, he fired it at least three times within six months of the shooting. (PSIR

¶17). He continued to possess the weapon despite knowing they could not have it (PSIR ¶9), and, more damningly, despite knowing it had a touch trigger. (PSIR ¶11).

Additionally, whatever the death of his wife did to him, (the government does not doubt the pain it must have caused), it did not curb his criminality. Immediately after the shooting he hid his drugs before he called for help. (PSIR ¶18). Long after the shooting, even while on federal supervised release, he continued to engage in the dangerous drug use that led to his wife's death. The pain of his wife's death has not shocked him out of his drug-use. The death, while truly a stinging natural consequent of defendant's crime, is alone insufficient to justly punish or reform defendant or achieve Congress's broader sentencing goals.

## CONCLUSION

The government respectfully recommends that this Court impose a guideline sentence in this case.

PETER E. DEEGAN, JR.
United States Attorney

CERTIFICATE OF SERVICE

By: */s/ Forde Fairchild*

I certify that I electronically served a copy of the foregoing document to which this certificate is attached to the parties or attorneys of record, shown below, on August 31, 2020.

Forde Fairchild
Assistant United States Attorney
600 Fourth Street, Suite 670
Sioux City, IA 51101
(712) 202-6011
(712) 252-2034 (fax)
Forde.Fairchild@usdoj.gov

UNITED STATES ATTORNEY

BY: *s/ Penny Schlotman*

COPIES TO: Mr. Patrick Parry, Esq.